UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SYED ASKARI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 2022- 274 |
| SEDGWICK, INC., | § § § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,** (incorrectly identified by Plaintiff as "Sedgwick, Inc.") (hereinafter, "Defendant"), the Defendant herein, and pursuant to 28 U.S.C. §§ 1441 and 1446, timely and properly files this, its Notice of Removal of the civil action described herein below from the 327th Judicial District Court of El Paso County, Texas (Cause No. 2022-DCV-2077), to this Honorable United States District Court for the Western District of Texas, El Paso Division. Defendant sets forth the following grounds for removal based upon this Honorable Court's diversity of citizenship jurisdiction over this civil action between citizens of different States pursuant to 28 U.S.C. § 1332(a)(1).

### I.

### Procedural Background/ History

1.   On July 15, 2022, the above-named Plaintiff, Syed Askari (hereinafter, "Plaintiff"), filed his original "Civil Complaint and Demand for a Jury Trial" ("Complaint") in the El Paso County District Clerk's Office, which was assigned civil cause of action number 2022-DCV-2077, in the

–1–

AALM/1706371

327th Judicial District Court of El Paso County, Texas, styled, *Syed Askari, Plaintiff v. Sedgwick, Inc., Defendant* (hereinafter, the "State Court Action"). In his pleadings, Plaintiff appears to generally allege a premises liability claim and a "bad faith" claim against Defendant, seeking to recover monetary damages for alleged bodily injuries, arising out of an alleged incident at the "premises of [a] Target Store" in El Paso, Texas, on April 21, 2021. (See Exhibit A, Complaint, p. 1). Plaintiff's claims are based upon an alleged "incident" in which he claims he "stumble[d] over" and fell over/on an "iron grate of black color" while he was "shopping and walking on" the subject Target store's premises. (Complaint, p. 1).

2. This Defendant is an improper party who has been improperly sued by Plaintiff herein. Notwithstanding the undisputed fact that this Defendant did not own, operate, possess, or control either the business or premises of the subject Target store where this alleged incident occurred [in which Plaintiff does not plead otherwise], Plaintiff nonetheless sued Defendant on the basis of his allegation that "the store failed to exercise [sic] required 'Duty of Care' for guest plaintiff and inflicted a permanent knee injury to the guest plaintiff." (Complaint, p. 2). Plaintiff is attempting to sue this Defendant for allegedly, "demonstrat[ing] bad faith in processing the Plaintiff's claim," for "den[ying] the Plaintiff's doctors and medical payments in bad faith," and for "den[ying] the Plaintiff's damages for injury suffered with physical and emotional trauma." (Complaint, p. 1). Defendant denies these allegations and claims.

3. A true and correct copy of the Plaintiff's "Civil Complaint and Demand for a Jury Trial" filed in the State Court Action is included among the pleadings and all other documents filed in the underlying State Court Action that are attached hereto as "Exhibit A," and is incorporated by reference the same as if fully set forth at length herein. This Defendant was served with Plaintiff's Complaint and citation on July 21, 2022. Therefore, this Notice of Removal is timely and

–2–

properly filed within the thirty (30) day period for the filing of a Notice of Removal, and within one year of commencement of the suit, pursuant to 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. §§1446(a), attached to this Notice of Removal as "Exhibit A" and incorporated by reference the same as if fully set forth at length herein, are true and correct copies of all pleadings, processes, citations, orders and other filings in the State Court Action that were indexed in the El Paso County District Clerk's Official File for this suit as well as a copy of the Civil Docket Sheet maintained in the State Court Action, as of the date this Notice of Removal is being filed.

## II.

## Venue is Proper

5. Venue is proper in this United States District Court for the Western District of Texas - El Paso Division under 28 U.S.C. §§1441(a) and 1446(a) because the State Court where the underlying State Court Action is pending is located here in El Paso County, Texas, within this District and Division. The subject trip and fall incident made the basis of Plaintiff's claim is reported to have occurred in El Paso County, Texas. The United States District Court for the Western District of Texas, El Paso Division is the District Court and Division for the District that includes El Paso County, Texas, where the State Court Action is currently pending. *See* 28 U.S.C. § 124(d)(3).

## III.

## Complete Diversity of Citizenship Exists; Jurisdiction is Proper

6. Defendant shows that this Honorable United States District Court has diversity jurisdiction over the above-titled action pursuant to 28 U.S.C. § 1332(a)(1) and the action may be properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a)&(b) and 1446. Upon information and

belief, Plaintiff is a citizen and resident of the State of Texas. Defendant is a corporate citizen of the States of Illinois and Tennessee.  Defendant more specifically shows that Sedgwick Claims Management Services, Inc., is a Foreign Corporate Entity that was organized and incorporated in the State of Illinois, with its principal place of business/headquarters located in Memphis, Tennessee.  Thus, there is complete diversity of citizenship between the Plaintiff (Texas) and the Defendant (Illinois and Tennessee) herein.

## IV.

### Federal Court Amount in Controversy is Met

7. The claimed amount of damages in controversy as alleged by Plaintiff in his original Complaint (on pages 1 and 4) in this action, is "$90,000.00" (excluding interest and court costs), which exceeds the minimum diversity of citizenship jurisdictional requirement of a United States District Court. 28 U.S.C. § 1332(a)(1). (Exhibit A).

8. Pursuant to 28 U.S.C. § 1446(d), Defendant, concurrently with the filing of this Notice of Removal, is giving written notice of the filing of this Notice of Removal to Plaintiff and is also concurrently filing, under separate cover, a copy of said written notice with the District Clerk of the 327th Judicial District Court of El Paso County, Texas in the State Court Action (Cause No. 2022-DCV-2077).

9. Accordingly and for the foregoing reasons and authority, removal of this action is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

10. Defendant expressly reserves the right to raise all of its defenses and objections to Plaintiff's claims and causes of action asserted herein and to otherwise file its initial pleadings responsive to Plaintiff's original Complaint herein, under the Federal Rules of Civil Procedure, after this action is removed to the above, Honorable United States District Court.

WHEREFORE, PREMISES CONSIDERED, Defendant SEDGWICK CLAIMS MANAGEMENNT SERVICES, INC., prays that this Honorable United States District Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. § 1332, 1441 and 1446, *et. seq.*, and order that the above-styled and numbered cause be removed from the 327th Judicial District Court of El Paso County, Texas (Cause No. 2022-DCV-2077), to this Honorable United States District Court for the Western District of Texas in the El Paso Division, and that this action hereafter proceed in this Honorable United States District Court as an action properly removed thereto, and grant any and all other relief to which Defendant may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas   79950-1977
Phone No. (915) 532-2000
Fax No. (915) 541-1597
E-mail:  almanzan@mgmsg.com

By: *Andy Almanzán*
**Andrés F. Almanzán**
Texas State Bar No. 24001643

Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.

## CERTIFICATE OF SERVICE

I, **Andrés E. Almanzán**, certify on this 11th day of August, 2022, the foregoing pleading was electronically-filed with the Clerk of the Court using the electronic filing procedures action pursuant to the Court's Electronic Filing Procedures, and was served via certified mail upon Plaintiff pro se:  (sye786@hotmail.com) Syed Askari, 5823 North Mesa Street, Number 701, El Paso, Texas 79912-4607.

_____
**Andrés E. Almanzán**

AALM/1706371

*Exhibit "A"*

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2022DCV2077

| | | |
|---|---|---|
| SYED VS SEDGWICK, INC. | § § § § § | Case Type: **Other Injury or Damage**<br>Date Filed: **07/15/2022**<br>Location: **327th District Court** |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| **Defendant** | SEDGWICK, INC. | | |
| **Plaintiff** | SYED | | Pro Se |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 07/15/2022 | Petition    Index # 1 | |
| 07/15/2022 | Notice to All Parties Filing Pro Se    Index # 2 | |
| 07/15/2022 | Notice to all Persons Filing a Law Suit    Index # 3 | |
| 07/18/2022 | Citation | |
| | SEDGWICK, INC. | Unserved |

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2022 JUL 15 PM 3:02
EL PASO COUNTY, TEXAS
BY _____ DEPUTY

EL PASO COUNTY DISTRICT COURT

SYED,
    PLAINTIFF
V.

CASE NUMBER: 2022DCV2077
JUDGE:

SEDGWICK, INC.
    DEFENDANT

327th District Court

## CIVIL COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff or Defended resides, or may be found in, or the cause of action arose in this county.

Plaintiff claims from Defendant the amount of $90,000.00 (ninety thousand Dollars) and also claims interest and court costs.

Plaintiff claims from Defendant personal property of the value of $ _____, which is described as follows:

The Sedgwick Incorporation's legal bond volume: Sedgwick Insurance Claim File: 128748H0001; DATE OF LOSS: 04/21/2021; CASE TYPE: BODILY INJURY

Plaintiff seeks the following additional relief for:

Plaintiff's damages for injury suffered and emotional trauma.

Plaintiff's claim arises from the following event or transaction:

### PROXIMATE CAUSE

Clearly, the iron grate of black color with raised uneven edges that caught toe (foot) and caused plaintiff to stumble over and fall on metal grate while shopping and walking on Target store premises on April 21, 2021 resulted in bodily injury (See incident captured by store surveillance camera, video dated April 21, 2021, 11:55 a. m).

### RECITAL

On April 21, 2021, with grocery in hands, at premises of Target Store, a metal grate of black color with sharp edge rising caught plaintiff's toe (foot), caused a fatal fall on both knees onto metal adjacent to concrete walkway, inflicting excruciating knee pain. Unable to get up, plaintiff was lifted up by a crowd of three passers-by, brought inside Target premises to manager. Eye-witnesses narrated the incident to the manager; eye-witnesses showed manager the site of fall.

Emergency Ambulance was called in by manager, carried the injured plaintiff to the hospital emergency ward where X-Rays reported of knees were taken and a MRI was ordered.

### PLAINTIFF COOPERATES AND COLLABORATES

Plaintiff, under doctor's prescribed medicine, cooperated with Defendant's initial demand of telephone recording. See Transcript Verification number: 6689141 of May 26, 2021. Physicians advise that it takes prolong period of time for knee injury to heal. Plaintiff continues to inform with updates on treatment.

### MEDICAL FINDINGS OF THE ORTHOPEDIC SURGION DAVD J. MURON M.D.

Administration of Kenalog Injection recommended; Arthroscopy Knee Surgery required.
**MRI (MAGNETIC RESONANCE IMAGING) REVELATION:** Pre-patellar hematoma to the left knee; Inability to fully flex the knee; Loss of motion with flexion; Swelling left anterior knee pre-patellar bursa; Knee contusion; Knee pain, left anterior; Injury of knee, left; Pre-patellar effusion; Horizontal cleavage tear posteriorly along the medial meniscus; Medial meniscus, posterior horn derangement.

### CLAIM

The store failed to exercise required "DUTY OF CARE" for guest plaintiff and inflicted a permanent knee injury to the guest plaintiff.

Defendant has demonstrated bad faith in processing the Plaintiff's claim.

Defendant has denied the Plaintiff's doctors and medical payments in bad faith.

Defendant has denied the Plaintiff's damages for injury suffered with physical and emotional trauma.

Plaintiff is entitled to doctors and medical expenses.

Plaintiff is entitled to restitution for pain and suffering.

Plaintiff has been suffering from knee injury with the infliction of painful knee fracture-horizontal tear of the posterior horn medial meniscus with medial meniscus extrusion with fat pad impingement in the left knee revealed by MRI Magnetic Resonance Imaging scan and confirmed by orthopedic surgeon David J. Muron M.D.

## LEGAL STANDARDS AND ANALYSIS

Clearly, the iron grate of black color with raised uneven edges placed over drainage "is a thing of danger." "If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger." *MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 111 N.E. 1050 (1916). When a situation of peril such as that just described is caused by Defendant's negligence, then the Defendant is liable for the injury sustained by the plaintiff. Then, the tortfeasor is Defendant. *Churchman v. Country of Sonoma* (1943) 59 Cal. App. 2d 801, 805, 140 P. 2d 81, 84. Defendant hassles to close file. Defendant does not release the Sedgwick Policy Handbook and Target store surveillance camera recording video of direct evidence displaying crowd of spectator-witnesses who carried the injured plaintiff to ambulance. The jury would like to view surveillance camera recording. Plaintiff suffered bodily injury as a result of "preventable tragedy" and Defendant had an obligation to prevent falling injury by ensuring the shopping premises safe for public walking and shopping. Defendant cannot prevail over her theory of contributory negligence because the store manager failed to practice due care for his shopping clients. That the perilous situation was not brought about by the plaintiff's own negligence, but the perilous situation was created by the store manager. *Leo v. Dunham* (1953) 41 Cal. 2 d 712, 714, 264 P. 2d 1, 2. The store manager should knew or should have known that an imminent peril existed right on manager's shopping premises open to public but the manager practiced gross negligence with reckless disregard to public. *Grinstead v. Krushkhov* (1964) 228 Cal. App. 2d 793, 39 Cal. Rptr. 812, 814. Plaintiff's injury meets the Tort Law's special doctrine of *res ipsa loquitur*, henceforth, plaintiff is entitled to compensatory damages of pain and suffering. *Witkin, Calif. Evid.* (3d ed), §§230-273. Defendant writes: "We [Sedgwick, Inc.] would base any settlement offer on the treatment you have received to date." Plaintiff disagrees with defendant's statement because defendant is making an offer of "AN UNFAIR SETTLEMENT." Defendant has failed to provide Sedgwick Policy Handbook. Defendant only cares about what is good for the Sedgwick, Inc. Defendant is careless about the injured plaintiff. Defendant has failed to provide medical expenses. Defendant has failed to provide Life-time suffering of emotional and painful knee pain infliction, life-time day and night pain, loss of ambulation, and dependency on crutches and wheel chair. Medical treatment is available. Physical treatment is available. Osteopathy Medicine treatment is available. However, plaintiff cannot afford the Osteopathy treatment cost. The treatment facilities require payment on the day

the treatment is rendered. Therefore, having no financial means or funds, plaintiff is destitute and is unable to get complete medical care.

## LIST OF LEGAL AUTHORITIES

*Leo v. Dunham* (1953) 41 Cal. 2 d 712, 714, 264 P. 2d 1, 2.

*Grinstead v. Krushkhov* (1964) 228 Cal. App. 2d 793, 39 Cal. Rptr. 812, 814.

*Witkin, Calif. Evid.* (3d ed), §§230-273.

*MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 111 N.E. 1050 (1916).

*Churchman v. Country of Sonoma* (1943) 59 Cal. App. 2d 801, 805, 140 P. 2d 81, 84.

## CONCLUSION

WHEREFORE, for the reasons stated above, plaintiff respectfully requests the court to grant the plaintiff's claim and relief. Plaintiff requests judgment against Defendant, as follows:

For recovery of money in the sum of $90,000.00 to defray the cost of doctors, medical treatment

For compensatory damages for an infliction of emotional and physical suffering.

For costs of suit incurred.

For such other and further relief as the court may deem proper.

A jury of 12 (twelve) citizenry is requested.

Plaintiff may amend his pleadings in the light of discovery interrogatories.

Submitted with respect,

*Syed Askari*
Syed Askari, *Plaintiff Pro-Se*

## CERTIFICATE OF SERVICE

I, Syed Askari, herein, certify that I submitted the aforementioned pleading via First Class U.S. mail upon the following on   JUNE 15, 2022

| | |
|---|---|
| Sheryl Marie Bruce | Syed Askari |
| Claims Examiner | 5823 North Mesa Street |
| Sedgwick Claims Management Services, Inc. | Number 701 |
| P O Box 14453 | El Paso, Texas 79912-4607 |
| Lexington, KY 40512-4453 | Phone: 915-474-9354 |
| Phone: 800-553-8723 Ext. 32318 | *Attorneys for Plaintiff: Plaintiff Pro-Se* |
| *Attorneys/Adjuster for Defendant* | |



**NORMA FAVELA BARCELEAU**
El Paso County District Clerk
500 E. San Antonio St., Suite 103
El Paso, TX 79901-2457
(915) 546-2021
www.epcounty.com/districtclerk

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2022 JUL 15 PM 3:02
EL PASO COUNTY, TEXAS
BY _Nataly Castorena_
DEPUTY

DATE: _June 15, 2022_
TO:
CASE: _2022DCU2077_

In The _327th_ Judicial District
County Court at Law No._____
Of El Paso County, Texas

## NOTICE TO ALL PARTIES FILING PRO SE

You have been provided with a copy of **RULE 1.02 OF THE EL PASO LOCAL RULES** and **Notice Regarding Petitions to Change Name of Child or Adult**.

This rule sets out your responsibility in this case.

Filed an Original Petition ___SA___ Initials

Filed an Original Answer _____

The clerk filing this case will put this notice in the file, as the case is filed or as the answer is filed in this office. If either is received by mail, a copy of the notice sent by mail will be placed in the file.

**CLOCK IN AND RECORD IN THE SYSTEM THAT NOTICES HAVE BEEN GIVEN OR SENT**



**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County
500 E. San Antonio St., Suite 103
El Paso, TX 79901-2457
(915) 546-2021

In The District Court Of El Paso County Texas        CAUSE NO. : 2022DCV2077

327th Judicial District

# NOTICE

## TO ALL PERSONS FILING A DIVORCE OR OTHER LAW SUIT USING DOCUMENTS THAT ARE NOT PREPARED BY AN ATTORNEY

1. Deputy Clerks in this office are prohibited from giving advice, answering legal questions or giving instructions with regard to divorce or any other Court proceedings. We can not answer questions you may have about correctness of papers you wish to file or procedures to obtain a Court decision

2. For the above stated reason, we advise you to consult an attorney or seek legal counsel if you have any questions or are unsure as to what you need to do.

3. If you pursue a legal action without an attorney representation, we will file documents you present to us and collect the filing fee at the time of filing. Regardless of the outcome of your court hearing, fees are not refundable. The Judge at your court hearing may reject your papers. Pauper's Oaths may be contested by the defendant.

4. We do not comply with instructions or information you may have read or obtained. We perform our clerk duties in accordance with the laws of the State of Texas. Directives in divorce "kits" are not binding on the Clerk and we do not process documents in accordance with any rules or instructions other than the governing laws and signed Court Orders.

I have read and understand the above information. I understand that the District Clerk or deputies in the District Clerk's office are prohibited from answering questions, advising or giving legal opinions.

_Syed Askari_
SIGNATURE

SYED ASKARI
PRINT NAME

July 15, 2022
DATE

5823 NORTH MESA STREET
ADDRESS
NUMBER 701
EL PASO, TEXAS 79912
CITY, STATE, ZIP

(915) 474 9354
CONTACT #

Filed on July 18, 2022
8:40AM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Cables, Veronica

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

**TO: SEDGWICK, INC.**, which, may be served with process **by serving the Claims Examiner, SHERYL MARIE BRUCE, at PO BOX 14453, LEXINGTON, KY 40512-4453**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Civil Complaint and Demand for Jury Trial** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 15th day of July, 2022, by Pro Se Litigant, SYED ASKARI, 5823 NORTH MESA STREET, NUMBER 701, EL PASO, TX 79912-4607, in this case numbered **2022DCV2077** on the docket of said court, and styled:

**SYED
VS
SEDGWICK, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Civil Complaint and Demand for Jury Trial** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 18th day of July, 2022.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

_____, Deputy
Veronica Cables

ATTACH RETURN RECEIPTS
WITH ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2022, at _____ I mailed to

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Civil Complaint and Demand for Jury Trial attached thereto.

_____

_____

TITLE

| *NAME OF PREPARER | | TITLE | |
|---|---|---|---|
| ADDRESS | | | |
| CITY | | STATE | ZIP |

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

    This forwarding address was provided:_____

<div align="center">

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

</div>

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

    Subscribed and sworn to be on this _____ day of _____, _____.

_____
Notary Public, State of _____
My commission expires:_____

**CAUSE NUMBER:** 2022DCV2077   ☐ SHERIFF

**REQUESTED BY:** SYED ASKARI

**PICK UP BY:** SYED ASKARI

☐ Pauper's Oath

☑ RUSH

Approved By: Cynthia M[...] 7/18/2022

For Pick up on: 7/18/2022 @ 9:00 AM BY

☐ ABSTRACT OF JUDGMENT
☐ CAPIAS
☐ CITATION PERSONAL SERVICE
☑ CITATION BY CERTIFIED MAIL   ☑ OUTSIDE SERVICE   ☐ BY DISTRICT CLERK
☐ CITATION NON RESIDENT
☐ CITATION BY POSTING
☐ CITATION BY PUBLICATION
☐ NOTICE TO SHOW CAUSE
☐ ORDER OF SALE
☐ PROTECTIVE ORDER
☐ SUBPOENA(S)
☐ TRO
☐ WRIT OF ATTACHMENT
☐ WRIT OF EXECUTION
☐ WRIT OF HABEAS CORPUS
☐ WRIT OF POSSESSION
☐ OTHER: _____

327TH

**Request Received:**

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2022 JUL 15 PM 4:41
EL PASO COUNTY, TEXAS
BY _____ DEPUTY

**Notes to the Clerk**

5823 NORTH MESA STREET
NUMBER 701
EL PASO, TEXAS 79912

**ISSUED BY:** [signature]   **Date:** 7/18/22

*Attn: The District Clerk's Office is not responsible for any errors after the request is received by the requesting individual. Please review your request for accuracy.*

**RECEIVED BY:** SYED ASKARI   **Date:** July 18, 2022
PLEASE PRINT

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2022 JUL 18 AM 10: 21
EL PASO COUNTY, TEXAS
BY ________
DEPUTY